Taylor, Chief-Justice
— This bill is brought for the twofold purpose of setting up a contract, made by the testator of the Defendant with the Plaintiff his then wife, *187 whereby lie gave her all the property which he had acquired by his marriage with her, and to obtain likewise, a distributive share of the personal estate of her said late husband. The contract made after marriage, is stated to have been in execution of a parol treaty, made before the marriage, whereby tiie husband agreed to .settle upon her, in the event of her having a child by him, all the property she then possessed, or was entitled to. The writing does accordingly admit, that she has a son, named Richard Liles; and there is proof, by two witnesses, the mother and sister of the Plaintiff*, that Jacob Liles had declared in his lifetime, that he had ex- , ecuted the paper in pursuance of his engagement entered into before marriage. The contract of marriage is a valuable consideration, and a settlement, made by the husband after marriage, is binding upon him, and all persons claiming as volunteers, from or through him. How far the peculiar circumstances of this contract would render it valid, against creditors or subsequent purchasers, is not made a question in the case. The intervention of a trustee is indispensable at law, to enable the husband to convey property to his wife; but there are several cases in this Court, whore the husband’s gifts to the wife, directly made, will be supported, although no property in the things given, passed to the wife at law, by the delivery. The following cases extend fully to the establishment of this principle. Lucas v. Lucas, (1 Atk. 270,) Stanning v. Style, (3 P. Wms. 338) — Bledsoe v. Sawyer, (1 Vern. 244, Bunbury 205.)
The law proceeds strictly upon the notion of union of person in husband and wife, and it is only in some extreme and excepted cases, that the wife can implead or he impleaded, without her husband ; but in Equity, she may be a Plaintiff or Defendant, without the concurrence of her husband, as in cases where she prays relief against him. (Terry v. Terry, Pres. Ch. 275. Lambert v. Lambert. 1 Ves. jun 21.) And she may defend a suit sepa *188 rately, when her interest in the subject of litigation is contradictory to her husband’s claim, and in other instances. (White v. Thornborough, Pres. Ch. 429. Ex parte Halsam, 2 Atk. 50.) Equity, it is said, regards not the outward form, but the inward substance and essence of the matter, which is the agreement of the parties, upon a good and valuable consideration ; so that although a covenant be extinguished at law by the marriage of the parties, this Court will establish it. (Cannel v. Buckel, 2 P. Wms. 243. 1 Fonbl. 39.)
As to the remaining question, whether the Plaintiff is to be put to her election? it is believed that the law has left no discretion on the subject; for however desirable it might be, that in so small an estate, the testator’s children should exclusively enjoy the benefit of it, yet the widow’s claim to distribution is founded on a clear legal right. The principle to be extracted from all the cases is, that an intention to exclude that right, must be showm, either by express w'o.vds, or a manifest implication ; but there is here nothing from which such an intent can be inferred.
Per Curiam.
— Declare that the Defendant’s testator made an agreement in the bill mentioned, and direct an account of the property of the Plaintiff at the time of her marriage; and also of the assets in the Defendant’s hands.